16-1797-cv
Okor v. Ginsberg

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
                   CHRISTOPHER F. DRONEY,
                           *Circuit Judges*,
                   ANN M. DONNELLY,
                           *District Judge*.[*]

------------------------------------------------------------------

DAVID OKOR,

                           *Plaintiff-Appellant*,


                   v.                                                           No. 16-1797-cv


CHIAM GINSBERG, CITY UNIVERSITY OF NEW YORK,
                           *Defendants-Appellees*,


STATE OF NEW YORK, BOROUGH OF MANHATTAN
COMMUNITY COLLEGE, DOES 1-10,
                           *Defendants*.

------------------------------------------------------------------


  FOR PLAINTIFF-APPELLANT:                Nkereuwem Umoh, Umoh Law Firm,
                                          PLLC, Brooklyn, NY.

---

[*] Judge Ann M. Donnelly, United States District Court for the Eastern District of New York, sitting by designation.

1

FOR DEFENDANTS-APPELLEES: Elizabeth I. Freedman, Assistant Corporation Counsel (Pamela Seider Dolgow, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a May 5, 2016 judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David Okor appeals from a judgment of the district court granting Defendants-Appellees' motion for summary judgment on Okor's 42 U.S.C. § 1981 claim that the Borough of Manhattan Community College's decision not to promote him was discriminatory on the basis of his race. Okor initially asserted several other causes of action, including claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (2012). The Defendants moved to dismiss Okor's claims, asserting that they were, *inter alia*, untimely. In response, Okor's attorney, Steven A. Morelli, conceded that Okor's Title VII claims were "untimely or in other ways" procedurally deficient, and withdrew "those claims in their entirety." Okor, now represented by new counsel, claims that Morelli lacked authority to make that concession and requests that we remand his case for a hearing on the issue of Morelli's authority. Okor does not challenge the district court's summary judgment decision with respect to his § 1981 claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Okor did not contest Morelli's authority to withdraw his Title VII claims before the district court. We generally refrain from ruling on issues not raised below, but nevertheless have discretion to consider such issues "because waiver rules are prudential and not jurisdictional." *Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005). Although that discretion may extend to factual determinations, we are "seldom inclined to exercise this discretion" when unresolved factual determinations exist. *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006); *see Virgilio*, 407 F.3d at 116 (stating that this Court may rule on issues not raised below "when the issues are solely legal ones not requiring additional factfinding").

We decline to consider Okor's claim because Okor should have challenged Morelli's authority to withdraw his Title VII claims before the district court.

Okor submitted sworn statements attesting that he was aware of the assertions in the amended complaint and the second amended complaint. Although the amended complaint asserted a number of claims, including a Title VII claim, the second amended complaint (which Okor filed following the resolution of the Defendants' motion to dismiss) asserted only § 1981 claims. The record also shows that Okor retained new counsel shortly after the district court granted summary judgment to the Defendants. At that time, Okor's new counsel could have filed a motion to reassert his Title VII claims. *See, e.g.*, Fed. R. Civ. P. 60(b), (c).

In any event, the record clearly establishes that Okor's Title VII claims were untimely. The employee promoted instead of Okor was offered the position in question in late December, 2010, accepted it in mid-January, 2011, and then began working in that position on January 28, 2011. Okor did not, however, file a charge of discrimination with the EEOC until June 26, 2013. That date is long after the 180-day time period for filing such a charge had expired. *See* 42 U.S.C. § 2000e-5(e)(1) (2012); *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010).

We have considered Okor's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court